# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Martin-Paul McCoy | ) | CASE NO: 5:24CV01843 |
| Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) | **OPINION AND ORDER** |
| Park Lane Manor LLC, et al. | ) ) ) | |
| Defendants. | ) ) | |

## I. Introduction and Background

*Pro se* plaintiff Martin-Paul McCoy filed this action against Park Lane Manor LLC, Ashley Hawkins, Summit County Clerk of Courts Sandra Kurt, and Magistrate Joseph Mitten. (Doc. No. 1). Plaintiff's complaint consists of one paragraph in his Statement of Claim alleging that "on or about October 3, 2024, we submitted paperwork (including money order, Bill of statement, Power of attorney, Notice to agent/praecipe of proof, Statement of facts/Praecipe to dismiss case file, Notice of interest, instructions to tender payment) and no response was received upon tender of payment and praecipe to dismiss case for lack of evidence." (*Id.* at 4). Attached to the complaint are various documents purporting to be copies of documents submitted for filing in the Akron Municipal Court. (*See* Doc. No. 1-2).

Plaintiff seeks the recovery of property and "residency reinstate[ment]" in the apartment complex on Druid Walk.

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

#### A. Pleading Requirements

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements

3

of Rule 8 of the Federal Rules of Civil Procedure, plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint contains very few facts. Rather, it contains one paragraph stating that Plaintiff "submitted paperwork … and no response was received upon tender of payment and praecipe to dismiss case for lack of evidence." (Doc. No. 1 at 4). This statement fails to connect any alleged occurrence to a specific, cognizable injury, and Plaintiff fails coherently to identify how each defendant has harmed him. Without any indication of a viable legal claim or sufficient facts to determine the factual basis for his complaint, Plaintiff fails to meet the minimum pleading requirements of Rule 8 and his complaint must be dismissed on this basis. *Iqbal*, 556 U.S. at 678.

### B. The Younger Abstention

Plaintiff attaches various exhibits to his complaint that appear to be copies of documents that have been submitted for filing in the Akron Municipal Court, Case No. 24-CV-06406. (*See* Doc. No. 1-2). The Court's review of the state court docket reveals that Plaintiff's exhibits pertain to a pending complaint for forcible entry and detainer. *See*

4

*Park Lane Manor Apartments LLC v. Martin P. McCoy II*, Case No. 24-CV-06406 (Akron Mun. Ct. filed Aug. 29, 2024). To the extent the Court can construe Plaintiff's complaint as a request that the Court interfere with the state court eviction proceedings pending against him, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the

5

burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, all three factors supporting abstention are present. The state court proceedings against Plaintiff are still pending. And eviction proceedings pending in a municipal court implicate important state interests. *See, e.g., Dudley v. Michalak*, No. 3:08 CV 128, 2008 U.S. Dist. LEXIS 21470, 2008 WL 750554, at *1 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court); *Leonard v. Montgomery*, No. 2:22-cv-4502, 2023 U.S. Dist. LEXIS 14897, 2023 WL 1070246, at *2 (S.D. Ohio Jan. 27, 2023) ("Time and again, courts have held that eviction proceedings pending in a state court implicate important state interests."). Finally, there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action.

Plaintiff appears to suggest that the state court's actions violated the law and the "city/state" lacked jurisdiction. (*See* Doc. No. 1-2 at 3, 9). If this Court were to find merit to Plaintiff's claims, such a determination would unduly interfere with the state court proceedings. Therefore, even assuming Plaintiff had pleaded a cognizable federal claim,

6

this Court must abstain from hearing Plaintiff's claims to the extent they are still pending in state court.

## IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED.**


Date:  January 10, 2025           */s/ John R. Adams*
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT